UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEXANDER GARCIA,

    Plaintiff,

v.

CASE NO.: 19-cv-23950

PORTFOLIO RECOVERY ASSOCIATES, LLC,
and POLLACK & ROSEN, P.A.,

**JURY DEMAND**

    Defendants.
_____/

## COMPLAINT

ALEXANDER GARCIA (the "Plaintiff"), through undersigned counsel, brings this *Complaint* against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Portfolio Recovery") and POLLACK & ROSEN, P.A. ("Pollack & Rosen") (collectively, the "Defendants") and states:

1. Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. Venue in is proper because Defendants filed a state court suit against Plaintiff in Miami-Dade County, Florida, which forms the basis for the above-captioned proceeding. *See* Ex. A. ("State Court Complaint") (2018-020324-SP-25) ("State Court Action").

## PARTIES

4. Plaintiff, ALEXANDER GARCIA, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

5. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is registered to do business in the State of Florida.

6. The registered agent of Portfolio Recovery is Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

7. Upon information and belief, Portfolio Recovery is one of the largest debt buyers in the United States as it buys millions of "charged off" loans at a discount price and attempts to collect on these accounts for their own profit.

8. Portfolio Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Portfolio Recovery uses "any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts[.]"

10. Defendant, POLLACK AND ROSEN, PA, is a professional association formed under the laws of the State of Florida with its principal place of business at 806 Douglas Road, South Tower, Suite 200, Coral Gables, Florida 33134.

11. Pollack & Rosen is registered with the Florida Secretary of State as a professional association. The Secretary's records show Defendant's registered agent as Joseph F. Rosen, 806 Douglas Road, South Tower, Suite 200, Coral Gables, Florida 33134.

12. Upon information and belief, Pollack & Rosen is a law firm that specializes in "debt collections" and commences thousands of lawsuits per year across the State of Florida to recover debt for clients like Portfolio Recovery, among others.

13. Pollack & Rosen is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Pollack & Rosen regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

15. For all relevant times, Portfolio Recovery is vicariously liable for Pollack & Rosen.

## **FACTUAL ALLEGATIONS**

16. Defendants engaged in a pattern of conduct that was abusive and deceptive in violation of the FDCPA to collect on Plaintiff's alleged unpaid credit card account.

17. According to the allegations in the State Court Complaint and the attachments, it appears that Plaintiff used a credit card for his own personal, family and household purposes.

18. After the alleged debt went into default with Synchrony Bank, Portfolio Recovery stated that it acquired the rights to the alleged debt.

19. Thereafter, at some point, Portfolio Recovery retained Pollack & Rosen to collect this debt.

20. On September 24, 2018, Pollack & Rosen commenced a lawsuit in the name of Portfolio Recovery, alleging that Plaintiff failed to pay a consumer credit card that was originally issued by Synchrony Bank. *See* Ex. A.

21. Portfolio Recovery and Pollack & Rosen, as Plaintiff's counsel, alleged that Plaintiff owed $2,058.33 plus court costs.

22. The signature of the attorney who filed the complaint is illegible. This individual did not list his Florida Bar number nor did this attorney provide any other identifying information.

23. The only attorney who could be identified on the State Court Complaint was "Joseph F. Rosen, Esq."

24. Accordingly, the "least sophisticated consumer" would believe that Joseph F. Rosen, Esq. signed the State Court Complaint, and he was the attorney who commenced the lawsuit against Plaintiff.

25. However, the State Court Complaint makes it clear that Joseph F. Rosen did not sign the State Court Complaint because the word, "For" is next to Joseph F. Rosen's name.

26. The attorney "David Michael Kaminski" is the attorney from Pollack & Rosen who was registered to receive electronic service on this case. *See* Ex. B (Miami-Dade Court Docket).

27. A review of the signature on the signature block plainly reveals that "David Michael Kaminski" did not sign the State Court Complaint

28. In addition, Joseph F. Rosen failed to make any appearances or file any motions in the State Court Action.

29. On this single collection action, there were at least five (5) attorneys implicated in the handling of this file—(1) Joseph F. Rosen, Esq., (2) David Michael Kaminski, Esq., (3) Karla Lopez, Esq., (4) Melanie Weseman, Esq., and (5) the unnamed attorney who signed the complaint.

30. On or about October 1, 2018, Defendants served Plaintiff with the State Court Complaint and Summons/Notice to Appear. This "Summons/Notice to Appear" required that Plaintiff appear for a Pre-Trial Conference on November 13, 2018. *See* Ex. C.

31. On November 1, 2018, Plaintiff obtained his own attorney to represent him in the State Court Action who filed his Notice of Appearance. *See* Ex. D.

32. In addition, on November 1, 2018, Plaintiff's counsel filed a "Motion to Invoke the Rules of Civil Procedure." *See* Ex. E.

33. On November 13, 2018, the State Court conducted the Pre-Trial Conference in which Pollack & Rosen indicated its readiness for trial.

34. Accordingly, the Court set a trial date, which can be seen by the filed "Memo of Disposition" reveals that a trial date was set for February 8, 2019 at 2:00 p.m. *See* Ex. F.

35. In addition, the Plaintiff's attorney filed a set of discovery demands on Portfolio Recovery and Pollack & Rosen as its counsel, which included a Request for Admissions, Request for Production, and Notice of Interrogatories. *See* Ex. G.

36. Portfolio Recovery and Pollack & Rosen ignored their obligation to respond to these discovery demands.

37. The failure to respond to the requests for admission meant that as a matter of Florida law the requests were "deemed admitted" unless a proper motion was made. *See* Fla. R. Civ. Pro. 1.370.

38. On November 20, 2018, the State Court entered an *Order Setting Cause for Non-Jury Trial and Prescribing Pretrial Procedure*. *See* Ex. H.

39. On January 29, 2019, Plaintiff' counsel filed a *Motion to Compel*, requesting that the Portfolio Recovery and Pollack & Rosen respond to all discovery demands.

40. January 30, 2019, Pollack & Rosen on behalf of Portfolio Recovery filed three separate papers with the State Court. *See* Ex. I.

41. Specifically, and in order of filing, Pollack & Rosen filed its (1) Witness and Exhibit List, (2) Motion to Allow Portfolio Recovery's Witness to Appear by Telephone, and (3) a Motion to Continue Trial. *See* Ex. I.

42. As such, Portfolio Recovery through Pollack & Rosen were still **pretending** that they had an intent to litigate this case through trial to, among other things, threaten, intimidate, pressure and coerce Plaintiff into a settlement on a debt.

43. Thereafter, Portfolio Recovery and Pollack & Rosen continued to attempt to **bluff** Plaintiff into settling the debt by filing another motion on February 4, 2019, to relieve them from their deemed admissions. *See* Ex. J.

44. Finally, on February 6, 2019, Portfolio Recovery through its counsel Pollack & Rosen were not able to pressure Plaintiff into a settlement, and rather than lose at trial on the merits, Portfolio Recovery through its counsel Pollack & Rosen filed a *Notice of Voluntary Dismissal*. This dismissal was without prejudice, which means that Defendants could still threaten Plaintiff with another lawsuit. *See* Ex. K.

45. On February 8, 2019, the State Court entered an *Order of Dismissal Without Prejudice*. *See* Ex. L.

46. As a result of this lawsuit and the continued threat that Defendants might sue him again, Plaintiff has suffered actual and emotional damages, including but not limited to the need to retain counsel, stress, emotional suffering, and anxiety.

## COUNT ONE – VIOLATION OF FDCPA
**[15 U.S.C. § 1692(e)(5)] – Threaten to Take Action That Is Not Intended to be Taken**

47. Plaintiff re-alleges paragraphs numbered 1 through 46 as fully set forth herein.

48. The FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken. *See* 15 U.S.C. § 1692(e)(5).

49. At issue here is that Plaintiff took many actions, including up until four days prior to the scheduled trial date, to intimidate, threaten, and harass Plaintiff into a settlement.

50. Defendants never maintained an intent to take this case to trial, but throughout the pendency of the State Court Action, they threatened to do so.

51. The timeline of events demonstrate that Defendants posed a serious, yet empty, threat to take Plaintiff to trial.

52. These events were the following:

    - September 24, 2018 – Filing the State Court Complaint
    - October 1, 2018 – Serving the Plaintiff with the State Court Complaint and Summons
    - November 13, 2018 – Attending the Pre-Trial Conference and Stating Readiness for Trial as of February 8, 2019
    - January 30, 2019 – Filing a Witness and Exhibit List
    - January 30, 2019 – Filing a Motion for Telephone Appearance for Witness
    - January 30, 2019 – Filing a Motion to Continue Trial
    - February 4, 2019 – Filing a Motion for Relief from Deemed Admissions

53. These actions taken together were a true threat to go to trial, and they were intended to harass, intimidate, and coerce Plaintiff to settle his case.

54. Despite all these actions leading up to the trial, Defendants' intent to not follow on the prosecution of this case was revealed on February 6, 2019, which was when Defendants voluntarily dismissed the case without prejudice.

55. Further, Defendants' true intentions are revealed by their inaction with regard to collecting this debt since February 6, 2019.

56. As a direct and proximate result of the foregoing, Plaintiff is entitled to an award of statutory damages, actual damages, and emotional damages against both Defendants.

WHEREFORE, Plaintiff demands against both Defendants:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## COUNT TWO – VIOLATION OF FDCPA
## [15 U.S.C. § 1692(e)(3)] – Lack of Meaningful Attorney Involvement

57. Plaintiff re-alleges paragraphs numbered 1 through 46 as fully set forth herein.

58. The FDCPA prohibits debt collectors from falsely representing or implying that an attorney was meaningfully involved in the debt collection process when in fact an attorney was not meaningfully involved. *See* 15 U.S.C. § 1692(e)(3).

59. Joseph F. Rosen, Esq., along with the other attorneys in Pollack & Rosen's firm, falsely represented or implied that an attorney was meaningfully involved in the debt collection process when it filed the State Court Complaint against Plaintiff and otherwise engaged in debt collection against him.

60. In fact, there was no meaningful attorney involvement in the debt collection process, as evidenced by the fact that Pollack & Rosen (1) failed to respond to any of Plaintiff's discovery requests, (2) blatantly violated the State Court's trial order to such an extent that it needed to voluntarily dismiss the case without prejudice to avoid a loss at trial, and (3) consistently played a game of "tag" in which attorneys within the firm were constantly handling different portions of the case.

61. The effective result was that no attorney had any meaningful involvement in this case, especially Joseph F. Rosen, Esq.

62. A review of the State Court Complaint reveals that the "least sophisticated consumer" would have believed that Joseph F. Rosen, Esq. was the attorney who reviewed this file, but that would have not been true as it appears from the court filings that Joseph F. Rosen, Esq. did no work on this case.

63. Further, a review of the public court records reveals that Pollack & Rosen files hundreds upon hundreds of cases on behalf of Portfolio Recovery along with other creditors to the

extent that it would be impossible for any attorney to meaningfully review the information that is being filed with any court.

64. Specifically, on September 24, 2018, it appears that Pollack & Rosen filed 93 lawsuits in the name of Portfolio Recovery on the same day in Miami-Dade County alone. *See* Ex. M.

65. Accordingly, there is little reason to believe that Pollack & Rosen and its attorneys were performing any meaningful review of its filings.

66. As a direct and proximate result of the foregoing, Plaintiff is entitled to an award of statutory damages, actual damages, and emotional damages against both Defendants.

WHEREFORE, Plaintiff demands against both Defendants:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## JURY DEMAND

67. Plaintiff demands trial by jury.

## RELIEF

68. WHEREFORE, the Plaintiff demands judgment against Defendants on all causes of action for:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

Dated: September 23, 2019                                    Respectfully Submitted,

*/s/ Michael C. Lutfy*
Michael C. Lutfy
Florida Bar No. 126339
**Law Offices of Michael C. Lutfy**
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Tel.: (305) 812-2351
Email: LutfyLaw@yahoo.com